UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION ) ) ) ) | Master File No. 2: 11-md-2226-DCR MDL Docket No. 2226 |
| *Buch, et al., v. Xanodyne Pharm., Inc., et al.*, ) ) ) | Civil Action No. 2: 11-324-DCR |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT
XANODYNE PHARMACEUTICALS, INC.'S MOTION TO DISMISS**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Xanodyne Pharmaceuticals, Inc.'s ("Xanodyne") motion to dismiss in this multi-plaintiff case. [MDL Record No. 1860] Xanodyne contends that the claims asserted against it by residents of California, Florida, Georgia, Michigan, Mississippi, New Hampshire, Oklahoma, South Carolina, Tennessee, and Texas are deficient and should be dismissed for the reasons outlined in the Court's earlier opinions. That is, Xanodyne seeks dismissal of the claims asserted by several plaintiffs because they have failed to allege the ingestion of Xanodyne product. For the reasons explained below, the Court will grant Xanodyne's motion with respect to all claims[1] except the misrepresentation claims asserted by the California residents.

---

1   The plaintiffs Amended Complaint, filed on February 10, 2012 [MDL Record No. 1031], contains seventeen counts. Counts XIII, XIV, and XV allege fraudulent nondisclosure, negligent misrepresentation, and fraudulent misrepresentation against the companies identified as "Brand Defendants." The plaintiffs identify Xanodyne as a Brand Defendant. [*See Id.*, pp. 6-9.]

**I.**

A federal district court, sitting in diversity, must apply "the law, including the choice of law rules, of the forum state." *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir. 2003); *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In an MDL proceeding, "the forum state is typically the state in which the action was initially filed before being transferred to the MDL court." *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 454 (E.D. La. 2006). This case was filed in the United States District Court for the Southern District of Texas. [*See* Civil Action No. 11-324, Record No. 1.] However, the plaintiffs reside in several states. Thus, the Court must "determine which state's law applies by the choice of law rules of [Texas]."[2] *Volkswagen Grp. of Am., Inc. v. McNulty*, Nos. 11-1438, 11-1857, 2012 U.S. App. LEXIS 15636, at *22 (1st Cir. July 27, 2012).

"Absent some statutory rule or contractual agreement to the contrary, Texas courts require that the law of the forum with the 'most significant relationship' to the litigation be applied." *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 425 (5th Cir. 2001).

> The factors relevant to an application of this test are drawn from §§ 6 and 145 of the Restatement (Second) of Conflicts of Laws. Some of the factors considered important under § 6 include: the relevant policies of the forum and other interested states; the relative interests of the states with an interest in the litigation; the basic policies underlying the particular field of law; and the certainty, predictability, and uniformity of the result to be obtained by application of a particular state's law. Some of the factors considered important under § 145 include: the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, nationality, place of incorporation and place of

---

2   This is the general rule in MDL proceedings. However, at least one transferee court has applied the choice-of-law rules from its own forum because the parties agreed that the transferee court would be treated as the forum court. *See In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069, 1078 (S.D. Ind. 2001). That is not the case here. [*See* MDL Record No. 1860-1, p. 6.]

> business of the parties; and the place where the relationship, if any, between the parties is centered.

*Id.* at 425-26 (internal citations omitted).

Considering these factors, it appears that the state with the most significant relationship to this action will differ depending on the residency of each plaintiff. For instance, Mary Bookout was a resident of Oklahoma "at all times material hereto." [MDL Record No. 1031, ¶ 1] As a result, Oklahoma has a greater interest in the litigation than the forum state of Texas, and the § 6 factors support the application of Oklahoma law to her claims. Additionally, Bookout purchased and ingested the propoxyphene product that allegedly caused her injuries in Oklahoma. Thus, the § 145 factors listed above also weigh in favor of the application of Oklahoma law. For these reasons, the Court concludes that Oklahoma is the state with the most significant relationship to Bookout's claims. This analysis applies with equal force to each of the plaintiffs and their respective home states. Therefore, the Court will apply the law of each plaintiff's state of residence to his or her claims.

**II.**

Xanodyne argues that, because the plaintiffs do not allege that they ingested drugs manufactured, sold, or distributed by Xanodyne, their complaint cannot survive the motion to dismiss. With regard to each state implicated by Xanodyne's motion, the Court has previously determined that it is a general principle of products-liability law that a plaintiff must allege sufficient facts to allow the reasonable inference that the injury-causing product was sold, manufactured, or distributed by the defendant. [*See* MDL Record No. 1274, p. 5 n.2; MDL Record No. 1402, p. 5 n.5; MDL Record No. 2184, p. 13; MDL Record No. 2193, p. 8.] The

plaintiffs do not dispute that they have failed to allege the ingestion of a Xanodyne product. Instead, they incorporate by reference arguments already rejected by the Court.[3] [MDL Record No. 1963, p. 2; *see* MDL Record No. 914] Thus, the Court will dismiss the plaintiffs' products-liability claims against Xanodyne.[4] And because this Court has previously concluded that Xanodyne owes no duty to plaintiffs who do not claim that they ingested its product, the related negligence and other claims asserted in this action will also be dismissed. [*See* MDL Record No. 1274, pp. 12-14.]

The Court will also dismiss the misrepresentation claims asserted by all of the plaintiffs except for two plaintiffs who reside in California: Farahnaz Poozeshi and Candice Shannon. In *Foster v. American Home Products Corp.*, 29 F.3d 165 (4th Cir. 1994), the Fourth Circuit rejected "the contention that a name brand manufacturer's statements regarding its drug can serve as the basis for liability for injuries caused by another manufacturer's drug." *Id.* at 170. And — with the notable exception of California — the majority of courts that have addressed similar claims have followed the Fourth Circuit's lead. Thus, the Court has previously found unpersuasive the plaintiffs' argument that a manufacturer of Darvon or Darvocet may be held liable under a misrepresentation theory of liability to a plaintiff who ingested generic propoxyphene. [*See* MDL Record Nos. 1274, 1402, 2184.] However, the Court recently determined that these same misrepresentation claims might be viable under California law.

---

3   In their response, the plaintiffs also argue that this motion should be held in abeyance for the plaintiffs from Georgia, New Hampshire, Michigan, Oklahoma, and South Carolina pending certification to the highest courts of those states. [MDL Record No. 1951, p. 1] Because the Court has denied the motion to certify, this argument is moot. [*See* MDL Record No. 1953.]

4   Because claims for wrongful death and loss of consortium are derivative of the other claims asserted against Xanodyne, the Court will also dismiss those counts of the plaintiffs' complaint.

[MDL Record No. 2193, pp. 9-14]  Thus, to the extent they allege misrepresentation, Plaintiffs Poozeshi and Shannon have stated a claim against Xanodyne sufficient to overcome a Rule 12 motion to dismiss.

.                                                                **III.**

The plaintiffs subject to this motion have failed to sufficiently allege the ingestion of a Xanodyne product.  [*See* MDL Record No. 1860-2, pp. 7-9.]  Therefore, for the reasons outlined in the Memorandum Opinion and Order entered on March 5, 2012 [MDL Record No. 1274], the Court will grant the motion to dismiss all claims asserted against Xanodyne by the following plaintiffs:  Mary Bookout; Feride Buch; Lou Davis, individually, and on behalf of the Estate of Bertha Lee Patrick; Deborah Leslie, individually, and on behalf of the Estate of Glenn Leslie; Eddie McCoy; Edna McCoy; Eva McCrary; James E. Morel; Johnnie Nelson; Christina Norman; Pinnie Pounds; Pose Ann Scott; and Beverly Smith.  Additionally, with the exception of the misrepresentation claims asserted by Farahnaz Poozeshi and Candice Shannon, the Court will dismiss all other claims asserted by these plaintiffs against Xanodyne.

Accordingly, it is hereby **ORDERED** as follows:

1.       Xanodyne's Motion to Dismiss [MDL Record No. 1860] is **GRANTED**, in part.

2.       The claims asserted by Plaintiffs Mary Bookout; Feride Buch; Lou Davis, individually, and on behalf of the Estate of Bertha Lee Patrick; Deborah Leslie, individually, and on behalf of the Estate of Glenn Leslie; Eddie McCoy; Edna McCoy; Eva McCrary; James E. Morel; Johnnie Nelson; Christina Norman; Pinnie Pounds; Pose Ann Scott; and Beverly Smith

against Defendant Xanodyne Pharmaceuticals, Inc. in the above-captioned case are **DISMISSED**, with prejudice.

       3.    The misrepresentation claims asserted by Plaintiffs Farahnaz Poozeshi and Candice Shannon [MDL Record No. 1031, Counts XIII, XIV, XV] remain pending. However, all other counts asserted by these plaintiffs against Xanodyne Pharmaceuticals, Inc. are **DISMISSED**, with prejudice.

This 10th day of September, 2012.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge