UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION | Master File No. 2: 11-md-2226-DCR<br>MDL Docket No. 2226 |
| *Buch, et al. v. Xanodyne Pharm., Inc., et al.*, | Civil Action No. 2: 11-324-DCR |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT
ELI LILLY AND COMPANY'S MOTION FOR SUMMARY JUDGMENT**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On March 7, 2012, this Court granted Defendant Eli Lilly and Company's ("Lilly") master motion to dismiss the claims asserted against it in several cases. [MDL Record No. 1402] Dismissal was based on the plaintiffs' failure to properly identify Lilly as the entity that marketed, sold, or manufactured the propoxyphene products the plaintiffs claimed to have ingested. Lilly has since filed a motion for summary judgment on the claims asserted against it by Plaintiff Candice Shannon in the above-captioned case.[1] [MDL Record No. 2225] Lilly contends that it is entitled to judgment as a matter of law because Shannon has failed to produce evidence that she ingested a product manufactured, sold, or otherwise supplied by Lilly. For the reasons explained below, the Court will grant Lilly's motion.

---

1   Lilly does not seek summary judgment on the claims asserted by any of the other plaintiffs in this multi-plaintiff action.

**I.**

Summary judgment is required when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once the moving party has met its burden of production, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). Instead, the nonmoving party must present "significant probative evidence" of a genuine dispute in order to defeat the motion for summary judgment. *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). The nonmoving party cannot rely upon the assertions in its pleadings; rather, it must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

## II.

A federal district court, sitting in diversity, must apply "the law, including the choice of law rules, of the forum state." *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir. 2003); *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In an MDL proceeding, "the forum state is typically the state in which the action was initially filed before being transferred to the MDL court." *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 454 (E.D. La. 2006). The above-captioned action was filed in the United States District Court for the Southern District of Texas. [*See* Civil Action No. 2: 11-324, Record No. 1.] Thus, the Court must "determine which state's law applies by applying the choice of law rules of [Texas]." *Volkswagen Grp. of Am., Inc. v. Peter J. McNulty Law Firm*, 692 F.3d 4, 14 (1st Cir. 2012).

"Absent some statutory rule or contractual agreement to the contrary, Texas courts require that the law of the forum with the 'most significant relationship' to the litigation be applied." *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 425 (5th Cir. 2001).

> The factors relevant to an application of this test are drawn from §§ 6 and 145 of the Restatement (Second) of Conflicts of Laws. Some of the factors considered important under § 6 include: the relevant policies of the forum and other interested states; the relative interests of the states with an interest in the litigation; the basic policies underlying the particular field of law; and the certainty, predictability, and uniformity of the result to be obtained by application of a particular state's law. Some of the factors considered important under § 145 include: the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, nationality, place of incorporation and place of business of the parties; and the place where the relationship, if any, between the parties is centered.

*Id.* at 425-26 (internal citations omitted).

The Amended Complaint states that Shannon was a resident and citizen of California "at all times material hereto." [Civil Action No. 2: 11-324, Record No. 27, pp. 5-6 ¶ 14] However, in her answers to Lilly's interrogatories, she states that she is a resident of Tupelo, Mississippi. [MDL Record No. 2225-2, p. 3] Additionally, in her response to Lilly' motion, Shannon concedes that she "indeed lived in Mississippi at the time material to her claims." [MDL Record No. 2292, p. 2] Because of this, the state of Mississippi has a greater interest in the litigation than the forum state of Texas, and the § 6 factors support the application of Mississippi law to her claims. Additionally, Shannon asserts that she purchased and ingested the propoxyphene product that allegedly caused her injuries in Mississippi. [*Id.*; *see* MDL Record No. 2225-2, p. 3 (identifying Walgreens Pharmacy in Tupelo, Mississippi as pharmacy where Shannon obtained the propoxyphene product)] Thus, the § 145 factors listed above also weigh in favor of a finding that Mississippi is the state with the most significant relationship to Shannon's claims. For these reasons, the Court will apply Mississippi law when considering Lilly's motion for summary judgment.[2]

**III.**

Lilly argues that it is entitled to summary judgment because Shannon has failed to demonstrate — or even allege — that she ingested a propoxyphene product that was

---

2  In the Court's September 10, 2012 Memorandum Opinion and Order Regarding Defendant Xanodyne Pharmaceuticals, Inc.'s Motion to Dismiss, the Court applied California law to Shannon's claims. [MDL Record No. 2210, pp. 4-5] Because the Court was ruling on a motion to dismiss, it based its choice of law analysis on the allegations in the plaintiffs' Amended Complaint. Lilly, on the other hand, has moved for summary judgment on Shannon's claims. Therefore, the Court may consider evidence outside the pleadings. Fed. R. Civ. P. 56(c). The evidence cited by Lilly establishes that Shannon is a resident of Mississippi and that she purchased and ingested propoxyphene in that state. Moreover, Shannon "agrees that Texas courts would apply the substantive law of Mississippi to her claims." [MDL Record No. 2292, p. 2]

manufactured, sold, or distributed by Lilly. The Court has previously determined that it is a general principle of products-liability law that a plaintiff must allege sufficient facts to allow the reasonable inference that the injury-causing product was sold, manufactured, or distributed by the defendant. [*See* MDL Record No. 1402, p. 5 n.5.] Shannon does not dispute that she has failed to allege or establish the ingestion of a Lilly product. Instead, she incorporates by reference arguments already rejected by the Court. [*See* MDL Record No. 2292, p. 1; MDL Record No. 914.] Thus, the Court will dismiss Shannon's products-liability claims against Lilly.[3]

Shannon asserts that Lilly's motion fails "to address [her] fraud or misrepresentation claims." [MDL Record No. 2292, p. 2] She contends that Lilly has not and cannot demonstrate that no genuine issue of fact exists regarding the "material facts relevant to such claims." [*Id.*] However, the Court has previously found unpersuasive Shannon's argument that a brand-name manufacturer may be held liable under a misrepresentation theory of liability to a plaintiff who ingested generic propoxyphene. [*See* MDL Record Nos. 1274, 1402.] As a result, Lilly has sufficiently established that there is no genuine dispute concerning the only material fact that determines the viability of Shannon's misrepresentation claims: the identity of the propoxyphene product ingested by Shannon.

The prevailing rule regarding misrepresentation claims against brand-name manufacturers comes from *Foster v. American Home Products Corp.*, 29 F.3d 165 (4th Cir. 1994). In *Foster*, the Fourth Circuit rejected "the contention that a name brand manufacturer's statements

---

3   Because claims for wrongful death and loss of consortium are derivative of the other claims asserted against Lilly, the Court will also grant summary judgment to Lilly on those counts.

regarding its drug can serve as the basis for liability for injuries caused by another manufacturer's drug." *Id.* at 170. Despite the departure from this rule that was announced in *Conte v. Wyeth, Inc.*, 85 Cal. Rptr. 3d 299 (Cal. Ct. App. 2008), the majority of courts that have addressed similar claims have followed the Fourth Circuit's lead. Notably, the District Court for the Southern District of Mississippi recently concluded that "the Mississippi Supreme Court would reject the holding in *Conte*." *Washington ex rel. Washington v. Medicis Pharm. Corp.*, No. 3:12cv126-DPJ-FKB, 2013 WL 496063, at *4 (S.D. Miss. Feb. 7, 2013). In short, in the absence of any binding authority expanding the liability of brand-name manufacturers, Lilly cannot be held liable to a plaintiff who consumed another manufacturer's product. Because Shannon has not established that she ingested a propoxyphene product manufactured or sold by Lilly, her misrepresentation claims must fail as a matter of law.[4]

In her response, Shannon moves for a continuance on Lilly's motion until she is prepared to present evidence regarding: (1) the "history of the knowledge of dangers associated with propoxyphene"; (2) the regulation of brand-name and generic drugs; (3) Lilly's representations about Darvon or Darvocet; and (4) "[r]eliance by pharmacists, physicians and patients on representations made by Eli [Lilly]." [MDL Record No. 2292, p. 3] She does not, however, request additional time to gather and present evidence that would establish that she did, in fact, ingest a Lilly product. Because the Court has concluded that, under Mississippi law, Lilly owes

---

4   This would be the outcome even if the Court were to analyze Shannon's misrepresentation claims under Texas law. Federal district courts in Texas have repeatedly found that "the Texas Supreme Court would conclude that a brand-name manufacturer does not owe a duty to warn users of the risks related to another manufacturer's product." *Finnicum v. Wyeth, Inc.*, 708 F. Supp. 2d 616, 621 (E.D. Tex. 2010); *see also Burke v. Wyeth, Inc.*, No. G-09-82, 2009 WL 3698480, at *2-3 (S.D. Tex. Oct. 29, 2009).

no duty of care to consumers of the generic equivalent of its products, the continuance requested by Shannon would be futile. Thus, the Court will deny her request.

**IV.**

For the reasons discussed above, and explained in detail in the Memorandum Opinion and Orders entered on March 5, 2012 and March 7, 2012 [MDL Record Nos. 1274, 1402], Lilly is entitled to summary judgment on the claims asserted against it by Plaintiff Candice Shannon. Accordingly, it is hereby

**ORDERED** as follows:

1. To the extent that Shannon's response to Lilly's motion for summary judgment is construed as a motion to continue, that motion is **DENIED**.

2. Defendant Eli Lilly and Company's Motion for Summary Judgment [MDL Record No. 2225] is **GRANTED**.

3. Plaintiff Candice Shannon's claims against Defendant Eli Lilly and Company in the above-captioned case are **DISMISSED**, with prejudice.

This 22nd day of February, 2013.

